E-FILED
Thursday, 21 December, 2006  10:42:24 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TERRY G. HEDGLIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 05-3134 |
| | ) | |
| STEVEN C. BRYANT, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

This case is before the Court on the Petitioner's petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254.   Also pending is the

Respondent's motion for summary judgment [d/e 18].

Pursuant to Federal Rule of Civil Procedure 56(b) and Rule 11 of the

Rules Governing Section 2254 Cases, the Respondent moves for summary

judgment in this case.   The Respondent contends that the Petitioner's

section 2254 petition is untimely under the one-year statute of limitations.

Petitioner Terry Hedglin is incarcerated at Graham Correctional

1

Center in Hillsboro, Illinois. The Respondent is the Warden at that facility. The Petitioner was convicted of murder and is currently serving a term of 50 years' imprisonment for that conviction. The Petitioner's murder conviction was affirmed on appeal. The Illinois Supreme Court denied Petitioner leave to appeal on January 29, 1997. The Petitioner did not seek certiorari on direct review.

The Petitioner mailed his pro se post-conviction petition from prison on December 12, 1997. The circuit court dismissed an amended version of that petition. The appellate court affirmed. The Illinois Supreme Court denied Petitioner leave to appeal from that judgment on October 6, 2004. The Petitioner did not seek certiorari in his post-conviction case.

The Petitioner gave his federal habeas petition to prison authorities for mailing on April 27, 2005.

The Respondent contends that the Petitioner's federal habeas petition should be dismissed with prejudice because it is untimely under the one-year statute of limitations set out in 28 U.S.C. § 2244(d)(1). The limitations period began to run when the time for filing a certiorari petition in the

2

Petitioner's direct appeal expired.  See 28 U.S.C. § 2244(d)(1)(A).  The Respondent notes that the last day for the Petitioner to file for certiorari was April 29, 1997, ninety days after the Illinois Supreme Court denied him leave to appeal.  See Anderson v. Litscher, 281 F.3d 672, 674-75 (7th Cir. 2002).  Accordingly, the clock began running on April 30, 1997.

The limitations period was tolled while the Petitioner's state court proceedings were pending.  See 28 U.S.C. § 2244(d)(2).  The Petitioner mailed his post-conviction petition on December 12, 1997.  The Illinois Supreme Court denied him leave to appeal on October 6, 2004.  Accordingly, his post-conviction petition was pending during this entire period, and the limitations period was tolled.  Because the Petitioner sought no further review, the clock resumed running on October 7, 2004.  See Gutierrez v. Schomig, 233 F.3d 490, 491-92 (7th Cir. 2000).

The Respondent alleges that the clock continued to run through April 26, 2005, the day before the Petitioner placed his federal habeas petition in the prison mail.

Based on the foregoing, the Respondent contends that more than one

year elapsed between the time that the Petitioner's conviction became final on April 29, 1997, and the time he filed his federal habeas petition on April 27, 2005. The Respondent notes that 226 days lapsed between the expiration of the time for seeking direct review and the time the Petitioner commenced state post-conviction proceedings (April 30, 1997 to December 11, 1997). Moreover, 202 days lapsed between the conclusion of the Petitioner's state post-conviction proceedings and the day he deposited his federal habeas petition in the prison mail (October 7, 2004 to April 26, 2005). Accordingly, a total of 428 days lapsed before the Petitioner filed his habeas petition.

The Court concludes that the petition under section 2254 is time-barred under the one-year limitations provision of 28 U.S.C. § 2244(d)(1)(A). Even assuming that equitable tolling were permissible, the Petitioner has failed to show that there were any extraordinary circumstances which precluded him from filing his petition in a timely manner. The Petitioner has alleged only that he was unable to timely file his petition because of "lockdowns" at the prison and because of some

4

unspecified medical condition.  The Court concludes that the Petitioner is not entitled to equitable tolling.

Ergo, the Respondent's motion for summary judgment [d/e 18] is ALLOWED.   The Petitioner's petition under 28 U.S.C. § 2254 is DISMISSED WITH PREJUDICE.  This case is closed.

ENTER: December 21, 2006

FOR THE COURT:

s/Richard Mills
United States District Judge

5