IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TERRY G. HEDGLIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 05-3134 |
| | ) | |
| STEVEN C. BRYANT, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

In an Opinion and Order entered on December 21, 2006, this Court denied the Petitioner's petition under 28 U.S.C. § 2254. This case is before the Court on the Petitioner's motion to reconsider.

The Petitioner claims the Court erred in determining that his section 2254 petition was time-barred because a total of 428 days elapsed before it was filed. He contends that the 90 days between October 7, 2004 and January 7, 2005 should not be counted, and that the petition was therefore filed within the one-year limitations period. It was on October 6, 2004 that

1

the Illinois Supreme Court denied the Petitioner leave to appeal the denial of his state post-conviction petition. Although the Petitioner could have sought further review, he did not.

Because the Petitioner sought no further review when he was denied leave to appeal, the clock resumed running on October 7, 2004. See Gutierrez v. Schomig, 233 F.3d 490, 491-92 (7th Cir. 2000) (observing that if a petitioner does not file a petition for certiorari review in the Supreme Court, then his potential certiorari petition was never "properly filed" under 28 U.S.C. § 2244(d)(1)). Accordingly, the Court correctly concluded that Petitioner's section 2254 petition was time-barred.

Ergo, the Petitioner's motion to reconsider the Order denying his petition under 28 U.S.C. § 2254 [d/e 21] is DENIED.

ENTER: March 7, 2007

        FOR THE COURT:

            s/Richard Mills
            United States District Judge